UNITED STATES DISTRICT COURT　　　　　　　　　　　NOT FOR PUBLICATION
EASTERN DISTRICT OF NEW YORK
─────────────────────────────────────X

MARIE L. BANKS,

                Plaintiff,

                                                                        MEMORANDUM
       - against -                                       AND ORDER
                                                                        15-CV-694 (JG)(VMS)

JUNON DOMINIQUE and Associates;
KIDNAPPERS FOR FEES; HACKERS in the
U.S. ADMINISTRATION; and HAITIAN
CRUSADE CHURCH in N.Y.,

                Defendants.
─────────────────────────────────────X

John Gleeson, United States District Judge:

        On February 9, 2015, Plaintiff Marie L. Banks filed this *in forma pauperis* action *pro se* seeking damages. I grant Ms. Banks's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order. For the reasons set forth below, the complaint is dismissed.

## BACKGROUND

        Ms. Banks makes vague, incomprehensible, confused, and spectacular allegations. Her allegations do not raise any claims for relief that may be considered by this Court. The following excerpt is an illustrative:

> The Telephone Company Verizon load my account the light bill and gas up, to cut off my utilities and I cannot ask for help since my identifications are stolen . . . in the community your honor, I am <u>not</u> and <u>never been</u> on drugs. I am requesting 13 millions dollars of compensation from the owner of the Property at 55 Botsford Street, I was kidnapped for. Now I have to be executed and the beautiful Haitian in the church crusade base are not ISIS with their revolutionary policy to win the war -- cut head off burn houses yellow Fever (Hepatitis).

ECF No. 1 at 9 (emphasis in original) (page numbers are assigned by the Court's electronic filing system).

1

A. *Legal Standard*

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A court must construe a *pro se* litigant's pleadings liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and a *pro se* complaint should not be dismissed without granting the plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795-96 (2d Cir. 1999) (quotations and citations omitted). Nevertheless, "a *pro se* plaintiff must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." *Wilber v. U.S. Postal Serv.*, No. 10-CV-3346 (ARR), 2010 WL 3036754, *1 (E.D.N.Y. Aug. 2, 2010) (quotations and citations omitted); *Ally v. Sukkar*, 128 Fed. App'x 194, 195 (2d Cir. 2005) ("Although we construe a *pro se* plaintiff's complaint liberally, a plaintiff attempting to bring a case in federal court must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action.") (citations omitted).

Federal courts are courts of limited jurisdiction and may not preside over cases absent subject matter jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546,

2

552 (2005); *Frontera Resources Azerbaijan Corp. v. State Oil Co. of Azerbaijan Republic*, 582 F.3d 393, 397 (2d Cir. 2009). The requirement of subject matter jurisdiction cannot be waived, *United States v. Cotton*, 535 U.S. 625, 630 (2002), and its absence may be raised at any time by a party or by the court *sua sponte*. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). When a court lacks subject matter jurisdiction, dismissal is mandatory. Fed. R. Civ. P. 12(h)(3). Such jurisdiction exists only when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

## DISCUSSION

Ms. Banks alleges that the jurisdiction of the Court is invoked pursuant to "kidnapping for mass grave via jail or mental ward," ECF No. 1 at 1, yet the complaint concerns matters seemingly unrelated to each other and unrelated to her interactions with hospitals and law enforcement. Even allowing the *pro se* complaint a liberal reading, there is a complete absence of facts suggesting the existence of a "colorable federal claim." *See Rodriguez ex rel. Rodriguez v. DeBuono*, 175 F.3d 227, 233 (2d Cir. 1999). Diversity jurisdiction is likewise absent since plaintiff and at least one of the defendants are residents of New York. *See, e.g.*, *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (holding 28 U.S.C. § 1332 requires complete diversity between all plaintiffs and all defendants).

As a result, the complaint must be dismissed because Ms. Banks fails to state a claim that would confer jurisdiction upon this Court pursuant to its federal question or diversity jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983). Whereas, ordinarily, I would allow Ms. Banks an opportunity to amend her pleading, *see Cruz v. Gomez,* 202 F.3d 593, 597-98 (2d Cir. 2000), I

need not afford that opportunity here because it is clear from the face of the complaint that subject matter jurisdiction is lacking.

## CONCLUSION

Accordingly, the plaintiff's *pro se* complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) on grounds that it lacks subject matter jurisdiction. I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.

John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
April 28, 2015